IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ROBERT WHATLEY,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CR531DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Richard Robert Whatley's Motion to Dismiss Counts 1 Through 5 of the Indictment. The court held a hearing on the motion on March 16, 2010. At the hearing, Defendant was present and represented by Michael C. Van and Plaintiff was represented by Trey Mayfield. After the hearing, the parties filed supplemental briefing on the statute of limitations issue. The court has carefully considered the arguments of the parties and the law and facts relevant to the present motion. Now being fully advised, the court enters the following Memorandum Decision and Order.

BACKGROUND

Defendant Whatley is charged in a five count indictment with a violation of 26 U.S.C. § 7202, Willful Failure to Pay Over Taxes, and 18 U.S.C. § 2(b), Willfully Causing Another to Commit a Federal Crime. Section 7202 provides, "Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or

1

truthfully account for and pay over such tax shall . . . be guilty of a felony." 18 U.S.C. §2(b) provides, "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the Untied States, is punishable as a principal." The government alleges that from 2001-2006, Whatley willfully caused a number of employee leasing companies ("ELCs") that he owned and controlled to fail to pay approximately $7.5 million in FICA and federal income taxes.

DISCUSSION

Whatley moves to dismiss the Indictment against him for the following reasons: (1) the Indictment is insufficiently pled; (2) counts 1 through 4 of the Indictment are barred by the statute of limitations; and (3) he is not a "responsible person" for purposes of Section 7202.

*1. Sufficiency of Indictment*

Whatley first argues that this court should dismiss the Indictment because it fails to include the requirements of the sections in title 26 that impose the underlying taxes and duties. Section 7202 does not impose the requirements to collect, account for, and pay over, and impose a tax. Rather, other sections in the title provide such duties. Whatley argues that the government was required to allege what specific provisions of the title required Whatley to collect, account for, and pay over any withheld federal income taxes or FICA taxes.

The government responds that there is no requirement to provide the underlying statutory violation. In *United States v. Chisum*, the defendant argued that his indictment for tax evasion should be dismissed for "omitting what part of Title 26 imposed the tax that was being evaded or defeated. 502 F.3d 1237, 1244 (10th Cir. 2007). The Tenth Circuit observed that the "indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on

fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.* The court concluded that "[t]he mere omission of the specific statutory authority for the [] tax liability does not render the indictment insufficient." *Id.* at 1245.

The Indictment in this case: (1) sets forth the elements charged; (2) states that Whatley owned and controlled the ELCS and determined the sums they would pay the IRS to meet the tax obligations of their employees; (3) describes the ELCs' quarterly obligations; (4) avers that Whatley was the person responsible for causing the ELCs to fail to meet those obligations; and (4) states the taxable periods at issue. These averments put Whatley on sufficient notice of the elements of the offense, the charges against him, and preclude double jeopardy.

Next, Whatley asserts that the Indictment is constitutionally deficient because it fails to allege that Whatley had actual knowledge of the laws imposing the duties to collect, account for, and pay over the FICA and income taxes. Whatley relies on *United States v. Cheek*, 498 U.S. 192, 201 (1991), which states that to prove willfulness the government must demonstrate that the tax law imposed a duty on the defendant, that the defendant knew of the duty, and that he voluntarily and intentionally violated that duty.

Whatley, however, has confused what the government is required to plead in the indictment with what the government must prove at trial. *Cheek*, the case relied on by Whatley, clearly refers only to what the government must prove at trial. Neither *Cheek* nor its progeny, nor any of the cases Whatley cites, impose upon the government any pleading requirement other than merely alleging willfulness.

2. *Statute of Limitations*

Whatley further argues that counts 1 through 4 of the Indictment are barred by the statute

of limitations. Whatley contends that the statute of limitations for Section 7202 is generally three years. But the Tenth Circuit applies a six-year statute of limitations to Section 7202 cases. *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970).

In this case, the Indictment is dated July 22, 2009. Therefore, Counts 2 through 5 are clearly within the six-year limitations period. Count 1 of the Indictment applies to the tax quarter ending June 30, 2003. Therefore, the court must determine when the tax for that quarter was due. Plaintiff claims that the tax was due no later than July 15, 2003, and the Indictment was untimely. The government argues that the tax was not due until April 15, 2004.

The limitations periods for criminal tax prosecutions are set forth in 26 U.S.C. § 6531. Section 6531(4) describes the conduct proscribed under Section 7202. In *United States v. Porth*, the Tenth Circuit stated that Section 7202 prosecutions are subject to the six-year statute of limitations under Section 6531(4). 426 F.2d at 521-22. Section 6531 provides that the limitations period begins "after the commission of the offense" and that, "[f]or purposes of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable."

Section 6513(c), entitled "Return and Payment of Social Security Taxes and Income Tax Withholding," provides that an employment tax return is deemed filed on April 15 of the succeeding calendar year. This construction is similar to that given for civil violations under Section 6672. *See Becker v. Internal Revenue Service*, 2005 WL 977572, at *6 (2d Cir. April 28, 2005) (unpublished opinion). Count I in this case applies to the quarter ending June 30, 2003. The limitation period, therefore, began to run on April 15 of the succeeding calendar year--April 15, 2004. The Indictment in this case, dated July 22, 2009, was thus timely brought within the

4

six-year statute of limitations period.

   *3. "Responsible Person" Under Section 7202*

Finally, Whatley asserts that he cannot be deemed a "responsible person" under Section 7202 because he did not possess the powers required to be deemed such. The determination of who is a responsible person, however, is a fact-specific determination to be made at trial. The government has alleged sufficient facts in the Indictment to show that Whatley may be a responsible person--it states that he controlled the ELCs, and determined the amount such entities would pay the IRS. The strength of the government's case "may not be challenged by a pretrial motion. An indictment should be tested solely on the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Whatley's claims to the contrary provide a defense at trial but do not provide a basis for dismissal of the Indictment.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss Counts 1 Through 5 of the Indictment is DENIED.

DATED this 29th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

5